UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERREK E. ARRINGTON,

    *Plaintiff.*

v.

UNITED STATES PAROLE
COMMISSION, *et al.,*

    *Defendants.*

No. 24-cv-1718 (DLF)

### ORDER

Derrek Arrington, a prisoner proceeding pro se, seeks release from custody because the Bureau of Prisons miscalculated his good time credit. Compl. at 3, Dkt. 1. Before the Court is the defendants' Motion to Dismiss, Dkt. 15, and Arrington's Motion to Appoint Counsel, Dkt. 17. For the reasons that follow, the Court will grant the defendants' motion to dismiss and deny Arrington's motion as moot.

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[s]overeign immunity is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), claims barred by the United States' sovereign immunity are "subject to dismissal under Rule 12(b)(1)," *Clayton v. District of Columbia*, 931 F. Supp. 2d 192, 200 (D.D.C. 2013). When reviewing a motion to dismiss for lack of jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). At the same time, plaintiffs bear the burden of establishing subject-matter jurisdiction, *see Arpaio v. Obama*, 797 F.3d 11, 19 (D.C.

Cir. 2015), and courts must raise obstacles to their jurisdiction sua sponte, *see Fort Bend Cnty. v. Davis*, 587 U.S. 541, 548 (2019).  "[W]hile complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter jurisdiction." *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010) (citation modified).

Arrington purports to bring a claim for damages under 42 U.S.C. § 1983.  But the underlying basis of Arrington's claim is a challenge to the Bureau's application of good time credits.  Compl. at 2.  Disputes regarding the application of good time credits sound in habeas. *See, e.g., Doughty v. U.S. Bd. of Parole*, 782 F. Supp. 653, 656 (D.D.C. 1992) (concluding that plaintiff's challenge to the application of good time credits must be brought as a habeas claim), *aff'd*, 971 F.2d 765 (D.C. Cir. 1992).  A plaintiff cannot seek damages for unlawful detention without first pursuing habeas relief.  *Head v. FBI*, 86 F. Supp. 3d 1, 5 (D.D.C. 2015).  Thus, the Court will construe Arrington's claim as a habeas petition.  *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (citation modified).

Two procedural rules require the dismissal of Arrington's habeas petition.  First, a habeas petition challenging present physical confinement must comply with the "immediate custodian rule," which states that the proper respondent is "the warden of the facility where the prisoner is being held."  *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004).  Second, under the territorial jurisdiction rule, a "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."  *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

Arrington is incarcerated at a Federal Correctional Institution in El Reno, Oklahoma. Compl. at 6.  Arrington's immediate custodian is the warden at FCI El Reno, who is not named as

a defendant in this action. And the jurisdiction in which FCI El Reno is located is the Western District of Oklahoma, see FCI El Reno, Bureau of Prisons, https://www.bop.gov/locations/institutions/ere/ (last visited June 18, 2025), not the District of Columbia. Thus, the Court will dismiss Arrington's complaint. Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss, Dkt. 15, is **GRANTED**. It is further

**ORDERED** that the plaintiff's Motion to Appoint Counsel, Dkt. 17, is **DENIED AS MOOT**. The Clerk of Court is instructed to close this case.

**SO ORDERED**.

*/s/ Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge

June 20, 2025